Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
**CILENTI & COOPER, PLLC**
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSEPH JONER, ALLEN SUBER, JR., ENDY GABRIEL PERALTA, SURJIT SINGH, ROBSON D. MIRANDA, ALBERTO ROQUE, JOHN HAYWARD, and MOHAMED RAHAMAN, *on behalf of themselves, and others similarly situated,* | Case No.:  22 CV 1512 |
| | **COMPLAINT in an FLSA ACTION** |
| Plaintiffs, | ECF Case |
| -against- | |
| IBI ARMORED SERVICES, INC., *and* MICHAEL SHIELDS, *and* HAROLD SHIELDS, *individually*, | Jury Trial Demand |
| Defendants. | |

---

Plaintiffs, Joseph Joner, Allen Suber, Jr., Endy Gabriel Peralta, Surjit Singh, Robson D. Miranda, Alberto Roque, John Hayward, and Mohamed Rahaman, (collectively, "Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, IBI Armored Services, Inc., (hereinafter, "IBI Armored Services"), and Michael Shields and Harold Shields, individually (collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs, Joseph Joner, Allen Suber, Jr., Endy Gabriel Peralta, Surjit Singh, Robson D. Miranda, Alberto Roque, John Hayward, and Mohamed Rahaman (collectively herein, "Plaintiffs"), on behalf of themselves and others similarly situated, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs, Joseph Joner, Allen Suber, Jr., Endy Gabriel Peralta, Surjit Singh, Robson D. Miranda, Alberto Roque, John Hayward, and Mohamed Rahaman, on behalf of themselves and others similarly situated further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages for hours worked; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.      Plaintiffs are adult residents of New York City and are current or former employees of defendants.

6.      Defendant, IBI Armored Services, is a business corporation existing and doing business under the laws of the State of New York, with a principal place of business at 37-06 61st Street, Woodside, New York 11377.

7.      Upon information and belief, Defendant, Michael Shields, is an owner, officer, director and/or managing agent of IBI Armored Services, whose address is unknown at this time and who participated in the day-to-day operations of IBI Armored Services and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with IBI Armored Services.

8.      Upon information and belief, Defendant, Harold Shields, is an owner, officer, director and/or managing agent of IBI Armored Services, whose address is unknown at this time and who participated in the day-to-day operations of IBI Armored Services and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with IBI Armored Services.

9.      Plaintiff, Joseph Joner, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from approximately June 2016, through the present.

10.     Plaintiff, Allen Suber, Jr., has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from February 2003, through the present.

11.     Plaintiff, Endy Gabriel Peralta, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from May 2018, through the present.

12.     Plaintiff, Surgit Singh, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from August 2016, through the present.

13.     Plaintiff, Robson D. Miranda, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from February 2018, through the present.

14.     Plaintiff, Alberto Roque, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from 1990, through the present.

15.     Plaintiff, John Hayward, has been employed by Defendants in Queens County, New York, as a driver for Defendants' armored car service known as "IBI Armored Services" from 2012, through the present.

16.     Plaintiff, Mohamed Rahaman, has been employed by Defendants in Queens County, New York, as a driver and dispatcher, for Defendants' armored car service known as "IBI Armored Services" from 1996, through November 2021.

17.     At all relevant times, IBI Armored Services was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     During each of the three (3) most recent years, Defendant IBI Armored Services, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

19.     At all relevant times, the work performed by Plaintiffs, and other similarly situated employees, was and is directly essential to the business operated by IBI Armored Services.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and overtime compensation, for hours worked, in contravention of the FLSA and New York Labor Law.

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

22.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23.     The individual Defendant Michael Shields, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control work of the employees, including Plaintiffs; and (v) otherwise affect the quality of his employees' employment.

24.     The individual Defendant Harold Shields, exercised control over the terms and conditions of Plaintiffs' employment in that he had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control work of the employees, including Plaintiffs; and (v) otherwise affect the quality of his employees' employment.

25.     At all times relevant to this action, Defendants Michael Shields and Harold Shields, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

26.     Defendant Michael Shields exercised sufficient control over IBI Armored Services' day-to-day operations as to be considered an employer of the Plaintiffs and other similarly situated employees, under the FLSA and New York Labor Law.

27.     Defendant Harold Shields exercised sufficient control over IBI Armored Services' day-to-day operations as to be considered an employer of the Plaintiffs, and other similarly situated employees, under the FLSA and New York Labor Law.

28.     Plaintiffs and other similarly situated employees worked directly for the individual and corporate defendants.

29.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a. Plaintiff Joseph Joner

30.    In mid 2016, Plaintiff, Joseph Joner, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

31.    Plaintiff, Joseph Joner, has worked continuously for the Defendants since 2006, through the present.

32.    Plaintiff Joseph Joner's duties are to transport money from stores and banks.

33.    During Plaintiff's employment by Defendants, he has worked well over forty (40) hours per week. Plaintiff generally worked up to twelve (12) hours per shift, and he worked six (6) shifts per week.

34.    Plaintiff Joseph Joner often worked and still works approximately sixty (60) to seventy (70), hours per week.

35.    Plaintiff Joseph Joner was not paid wages for all hours worked, or overtime wages. Plaintiff was paid a regular rate of $13.00 per hour in 2018; and was raised to $15.00 per hour in 2019. With the exception of a period of time in the first half of 2018 and since the second half of 2020, work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

36.    Plaintiff Joseph Joner has never been paid a spread of hours premium when he worked in excess of ten (10) hours in a single workday, which occurred and still occurs four (4) to six (6) days per week.

### b. Plaintiff Allen Suber Jr.

37.    In February 2013, Plaintiff, Alen Suber Jr., was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

38.    Plaintiff, Alen Suber Jr., has worked continuously for the Defendants since 2013, through the present.

39.    Plaintiff Alen Suber Jr.'s duties are to transport money from stores and banks.

40.    During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between fifty (50) and seventy (70), or more, hours each week.

41.    In 2018, through late 2020, Plaintiff Alen Suber Jr. was paid "straight time" for all hours worked.

42.    Plaintiff's regular rate of pay in 2018 was $14.00 per hour.

43.    In 2019 and 2020, Plaintiff Alen Suber Jr. was paid a regular rate of $15.00 per hour and he was not paid an overtime premium for his work in excess of forty (40) hours per week.

44.    At times relevant to this action, Plaintiff Alen Suber Jr. was paid according to the dispatcher's log, not the punch clock, which had the effect of paying him for one (1) to three (3) hours less than he actually worked each week.

45.    At all times relevant to this action, Plaintiff frequently worked in excess of ten (10) hours per shift but was never paid the spread-of-hours premium.

### c. Plaintiff Endy Gabriel Peralta

46.    In May 2018, Plaintiff, Endy Gabriel Peralta, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

47.    Plaintiff, Endy Gabriel Peralta, has worked continuously for the Defendants since 2018, through the present.

48.    Plaintiff Endy Gabriel Peralta's duties are to transport money from stores and banks in Manhattan.

49.    In 2018 Plaintiff Endy Gabriel Peralta was paid thirteen dollars ($13.00) per hour.

50.    In 2019 through late 2021, Endy Gabriel Peralta has been paid fifteen dollars ($15.00) per hour.

51.    Plaintiff Endy Gabriel Peralta worked between forty (40) and fifty (50) hours per week. On some weeks he worked up to sixty (60) hours.

52.    In 2018 through August 2020, Plaintiff Endy Gabriel Peralta was paid "straight time" for all hours worked.

53.    Plaintiff Endy Gabriel Peralta has never been paid spread of hours premiums when he worked in excess of ten (10) hours per shift.

54.    Plaintiff Endy Gabriel Peralta was often paid for less hours than he actually worked according to the company's time clock.

### d. Plaintiff Surjit Singh

55.    In August 2016, Plaintiff, Surjit Singh, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

56.    Plaintiff, Surjit Singh, has worked continuously for the Defendants since 2018, through the present.

57.    Plaintiff Surjit Singh's duties are to transport money from stores and banks in Manhattan.

58.    In 2016 and 2017 Plaintiff Surjit Singh was paid twelve dollars ($12.00) per hour.

59.    In 2018 Plaintiff Surjit Singh was paid thirteen dollars ($13.00) per hour.

60.    In 2019 through mid 2021, Plaintiff Surjit Singh was paid fifteen dollars ($15.00) per hour. In mid 2021, he was raised to sixteen dollars ($16.00) per hour.

61.    Plaintiff Surjit Singh worked and works between fifty (60) and sixty (60), or more, hours per week.

62.    In October 2018 through August 2020, Plaintiff Surjit Singh was paid "straight time" for all hours worked.

63.    Plaintiff Surjit Singh has never been paid spread of hours premiums when he worked in excess of ten (10) hours per shift. Presently, his typical shift is twelve (12) hours and he does not receive a spread of hours premium.

64.    Plaintiff Sirjit Singh was often paid for less hours than he actually worked according to the company's time clock.

**e.  Plaintiff Robson D. Miranda**

65.    In February 2018, Plaintiff, Robson D. Miranda, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

66.    Plaintiff, Robson D. Miranda, has worked continuously for the Defendants since February 2018, through the present.

67.     Plaintiff Robson D. Miranda's duties are to transport money from stores and banks in Manhattan.

68.     In 2018 through 2020 Plaintiff Robson D. Miranda was paid fifteen dollars ($15.00) per hour.

69.     Sometime in 2021, Plaintiff Robson D. Miranda was given a raise to sixteen dollars ($16.00) per hour.

70.     Plaintiff Robson D. Miranda worked and works between fifty (60) and sixty-five (65), hours per week.

71.     Plaintiff Robson D. Miranda worked and works approximately thirteen (13) or more hours per day.

72.     In October 2018 through August 2020, Plaintiff Robson D. Miranda was paid "straight time" for all hours worked.

73.     Plaintiff Robson D. Miranda has never been paid spread of hours premiums when he worked in excess of ten (10) hours per shift.

74.     Plaintiff Robson D. Miranda was often paid for less hours than he actually worked according to the company's time clock.

### f. Plaintiff Alberto Roque

75.     In or around 1990, Plaintiff, Alberto Roque, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

76.     Plaintiff, Alberto Roque, has worked continuously for the Defendants since 1990, through the present.

77.     Plaintiff Alberto Roque's duties are to transport money from stores and banks in Manhattan.

78.     Plaintiff Alberto Roque worked and works approximately sixty (60) to sixty-five (65), hours per week.

79.     Plaintiff Alberto Roque was not paid an hourly wage.

80.     In 2016,  Plaintiff Alberto Roque was paid a flat weekly salary of seven hundred dollars ($700.00), for all hours worked. His resulted in his being paid a regular rate of approximately eleven dollars fifty cents ($11.50) per hour, for all hours worked.

81.     In 2017, Plaintiff Alberto Roque was paid a flat weekly salary of seven hundred fifty dollars ($750.00), for all hours worked. His resulted in his being paid a regular rate of approximately twelve dollars fifty cents ($12.50) per hour, for all hours worked.

82.     In 2018 and 2019, Plaintiff Alberto Roque was paid a flat weekly salary of eight hundred forty dollars ($840.00), for all hours worked. His resulted in his being paid a regular rate of approximately fourteen dollars ($14.00) per hour, for all hours worked.

83.     At times relevant to this action, Plaintiff Alberto Roque was paid well below the applicable minimum wage.

84.     At times relevant to this action, Plaintiff Alberto Roque was not paid for all hours worked and was improperly "salaried". He was not paid overtime compensation for hours worked in excess of forty (40) each week.

85.     Plaintiff Alberto Roque worked and works approximately eleven (11) or twelve (12), hours per day.

86.     Plaintiff Alberto Roque has never been paid spread of hours premiums when he worked in excess of ten (10) hours per shift which is virtually every day he works.

87.    Plaintiff Alberto Roque did not receive a wage statement detailing his hours and pay.

### g.  Plaintiff John Hayward

88.    In 2012, Plaintiff, John Hayward, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

89.    Plaintiff, John Hayward, has worked continuously for the Defendants since 2012, through the present.

90.    Plaintiff John Hayward's duties are to transport money from stores and banks in Manhattan.

91.    In 2019 through 2020, John Hayward was paid fifteen dollars ($15.00) per hour.

92.    Plaintiff John Hayward worked between seventy (70) and eighty (80) hours per week.

93.    In 2018 through August 2020, Plaintiff John Hayward was paid "straight time" for all hours worked.

94.    Plaintiff John Hayward has never been paid spread of hours premiums when he worked in excess of ten (10) hours per shift.

95.    Plaintiff John Hayward was often paid for less hours than he actually worked according to the company's time clock.

### h.  Plaintiff Mohamed Rahaman

96.    In 1996, Plaintiff, Mohamed Rahaman, was hired by Defendants to work as a driver for Defendants' armored vehicle service known as "IBI Armored Services", located at 37-06 61st Street, Woodside, New York 11377.

97.    Plaintiff, Mohamed Rahaman, worked continuously for the Defendants between 1996, through November 2021.

98.    Plaintiff Mohamed Rahaman's duties were to transport money from stores and banks and he also worked in the office as a dispatcher.

99.    Plaintiff Mohamed Rahaman often worked approximately one hundred (100) or more hours per week.

100.    At time relevant to this action, Plaintiff Mohamed Rahaman was paid "straight time" for all hours worked.

101.    Plaintiff Mohamed Rahaman was never paid spread of hours premiums when he worked in excess of ten (10) hours per shift, which was virtually every shift he worked.

102.    Plaintiff Mohamed Rahaman was often paid for less hours than he actually worked according to the company's time clock.

### GENERAL ALLEGATIONS

103.    At all times relevant to this action, Plaintiffs frequently worked in excess of forty (40) hours per week and were paid for less hours than they actually worked.

104.    At all times relevant to this action, Plaintiffs frequently worked in excess of ten (10) hours per shift and were not paid spread-of-hours premiums.

105.    By shaving time and rounding, Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, or overtime compensation, to the Plaintiffs and other similarly situated employees, for hours they worked on a weekly basis.

106.     At times relevant to this action, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees overtime compensation for all hours worked, or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations, and improperly classified Plaintiffs and others similarly situated as exempt from all overtime compensation.

107.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

108.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

109.     Defendants, Michael Shields and Harold Shields, are individuals who, upon information and belief, own the stock of IBI Armored Services, own IBI Armored Services, and together manage and make all business decisions, including but not limited to, the decisions about what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

110.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "109" of this Complaint as if fully set forth herein.

111.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

112.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA

113.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

114.     Plaintiffs worked hours for which they were not paid the statutory minimum wage.

115.     Defendants failed to pay Plaintiffs wages in the lawful amount for all hours worked.

116.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum or their regular rate of pay, depending on individual factors and circumstances, for all hours worked in excess of the maximum hours provided for in the FLSA.

117.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

118.     At relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

119. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

120. Defendants failed to properly disclose or apprise Plaintiffs, of their rights under the FLSA.

121. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

122. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

123. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

124. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "123" of this Complaint as if fully set forth herein.

125. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

126. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay wages in the lawful amount for hours worked.

127.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

128.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums for each day they worked greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

129.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

130.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "129" of this Complaint as if fully set forth herein.

131.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

132.    At times relevant to this action, Plaintiffs were not provided with true and accurate wage notices and statements as required by law.

133.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work

covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

134.    At times relevant to the claims herein, Defendants did not provide Plaintiff Alberto Roque, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

135.    At times relevant to this action, Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

136.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

137.    As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and other similarly situated employees, respectfully request that this Court grant the following relief:

   (a)    An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

   (b)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c)    An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d)    An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g)    Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues.

Dated: New York, New York
       March 18, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
***Counsel for Plaintiffs***
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
E-mail: pcooper@jcpclaw.com

By:    _____
        Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:    Michael Shields
       Harold Shields

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Joseph Joner, Allen Suber, Jr., Endy Gabriel Peralta, Surjit Singh, Robson D. Miranda, Alberto Roque, John Hayward, and Mohamed Rahaman, intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of IBI Armored Services, Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       March 18, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Counsel for Plaintiffs*
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
E-mail:  pcooper@jcpclaw.com

By:    _____
       Peter Hans Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Joseph Joner_____, am an employee currently or

formerly employed by _____JB1_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____August 10_____, 2021

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Allen Suber Jr._____, am an employee currently or

formerly employed by _____IBI_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_September 13_ , 2021

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Endy Gabriel Peralta_, am an employee currently or

formerly employed by _IBI_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 14_, 2022

_Endy Peralta._

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Surjit Singh_, am an employee currently or

formerly employed by _IBI_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_December 3_, 2021

_Surjit Singh_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Robson D. Miranda_____, am an employee currently or

formerly employed by _____JBI Armored Services_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____February 6_____, 2022

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Alberto Roque_____, am an employee currently or

formerly employed by _____JB1 Armored Services_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____February 26_____, 2022

_____Alberto Roque_____

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, John Hayward, am an employee currently or formerly employed by IBI

Armored Services Inc., and/or related entities. I consent to be a plaintiff in the above-

captioned action to collect unpaid wages.

Dated: New York, New York
February 28, 2022

_____
John Hayward

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Mohamed Rahaman, am an employee currently or formerly employed by IBI Armored Services Inc., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
February 28, 2022

_____
Mohamed Rahaman